# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV234-MU

| | |
|---|---|
| BURTON A. GELLMAN and ) <br> THE GELLMAN CORPORATION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE CINCINNATI INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ) | ORDER |

**THIS MATTER** is before the Court upon third parties Harrison Jones and Restoration Associates, Inc.'s Motion to Quash identical subpoenas seeking documents related to an evaluation of fire damages conducted by Movants on behalf of Defendant Cincinnati Insurance Company ("Cincinnati"). In light of the parties agreement to some issues and the balance of burden versus benefit in the remaining areas of contention, this motion is **GRANTED** in part and **DENIED** in part.

Since the filing of this motion, Movants and Plaintiffs have agreed on most of the items in the subpoenas. Movants still object, however, to Plaintiffs requests listed in categories 4 and 11 of the subpoenas. First, category 4 seeks "a complete copy of your file for each claim where Cincinnati has been the insurer and Harrison Jones was retained by either Cincinnati or the insured." Second, category 11 seeks "all checks or other documents evidencing payments by Cincinnati to or on behalf of Harrison Jones and/or Restoration Associates, Inc., in the past five years."

First, a court may restrict discovery where "the burden or expense of the proposed

discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). Here, category 4 is, on its face, overly broad and must be narrowed. It does not specify any time frame for the files sought, or geographic limitation, or even any limitation as to the type of work involved. Though Plaintiffs' claim involves appraisal alone, they seek entire files where the work performed did not involve any appraisal. Further, they seek files where Movants were hired by parties other than Cincinnati. Essentially, Plaintiffs are requesting the complete files on any job in any way related to Cincinnati, no matter how dissimilar to their own situation that job might be. This is excessive, and the large amounts of irrelevant information that would have to be produced to comply with this request create a burden far outreaching its benefit. Plaintiffs mention in their response brief that they are seeking more specific information about these files from Cincinnati. Once they acquire this information, they should use it in conjunction with the Court's comments and discussion with Movants to help craft a narrower request that serves their legitimate purposes while minimizing the burden of production. If an agreement cannot be reached, the Court will rule on whether the narrowed request remains unduly broad and burdensome.

Generally, a party is not entitled to discover information from a non-party when that information is readily available from another party to the action. Fed. R. Civ. P. 26(b)(2). Here, Plaintiffs have made no showing why they could not obtain the information sought in category 11 directly from Cincinnati, which should have its own records of the information sought concerning payments it made to Movants. As Cincinnati is a party in this action, forcing the non-party Movants to produce these records would be inappropriate.

**IT IS THEREFORE ORDERED** that Third-Party Movants' motion to quash is **GRANTED** in part and **DENIED** in part. The subpoena is quashed with respect to categories 4 and 11 only. Plaintiffs are directed to narrow their request in category 4 of the subpoenas as

directed above. The parties are directed to proceed as per their internal agreement with respect to the remaining categories of the subpoena.

Signed: March 31, 2006

Graham C. Mullen
United States District Judge