IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04 CV 234-MU

| | |
|---|---|
| BURTON A. GELLMAN and THE GELLMAN CORPORATION ) ) ) Plaintiffs, ) ) vs. ) ) THE CINCINNATI INSURANCE COMPANY ) ) ) Defendant. ) ) | ORDER |

This matter is before the Court on Plaintiffs' Motion to Compel. (Document #34). Specifically, Plaintiffs seek an Order compelling Defendant to answer two interrogatories and to respond to four requests for production of documents. For the reasons set forth below, Plaintiff's Motion to Compel is DENIED.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." F.R.C.P. 26(b)(1). The frequency or extent of use of the discovery methods . . . shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . ..F.R.C.P. 26(b)(2).

Here, Plaintiff Gellman has a total of six requests that are disputed by Defendant

Cincinnati. Each requests is too broad and overly burdensome to be in compliance with the standard.

Requests for Production 9, 10, and 11 demand Cincinnati turn over all manuals and training materials related to (i) evaluation, appraisal or adjustment of claims for fires; (ii) interpretation and application of the Replacement Cost provisions; and (iii) interpretation and application of the Rental Value provisions of Cincinnati's insurance policies and endorsements. These requests are overly broad. In addition, Cincinnati has already provided Gellman with their manual, making these additional requests unnecessary.

In Interrogatories #3, #4, and Request for Production 13, Gellman is requesting the name, phone number, address, location or property and details about the loss for ever claim where Cincinnati was the insurer and Harrison Jones and/or Restoration Associates, Inc. prepared estimates, performed the repair, or served as an appraiser. These requests are entirely too broad and forcing Cincinnati to comply with such requests would be unduly burdensome. Further, compliance with these requests would force Cincinnati to reveal the personal information of countless third parties with no assurance that this information would be protected or that such information is even necessary.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel is hereby DENIED

Signed: March 8, 2007

Graham C. Mullen
United States District Judge